UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br> Petitioners, <br> v. <br><br> BAROCO CONTRACTING CORPORATION, <br><br> Respondent. | 24 Civ. 1898 (DEH) <br><br> **MEMORANDUM ORDER** |

DALE E. HO, United States District Judge:

On March 13, 2024, the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; and The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds" or "Petitioners") filed a Petition and Motion to Confirm Arbitration Award, along with supporting materials. *See* Pet., ECF No. 1; Mem. of Law in Supp. of Pet. ("Mem."), ECF No. 5. Petitioners also seek attorneys' fees and an award of post-judgment interest. For the reasons set forth below, Petitioners' motion is **GRANTED**, and the Arbitration Award is **CONFIRMED**.

## BACKGROUND

Petitioners include ERISA funds, a 501(c)(3) charity fund, and a New York not-for-profit corporation associated with the New York City District Council of Carpenters (the "Union"). Pet. ¶¶ 4–6. Respondent Baroco Contracting Corporation ("Respondent") is party to a Collective

Bargaining Agreement ("CBA") with the Union. *Id.* at ¶ 1. The CBA requires Respondent to make contributions to the Petitioners for all work within the trade and geographical jurisdiction of the Union. *Id.* at ¶ 11.

After Respondent refused to submit to an audit as required by the CBA, an estimated audit conducted by Petitioners "revealed that Respondent failed to remit contributions to the Funds in the principal amount of $3,068,149.25." *Id.* at ¶ 23. Pursuant to the CBA, Petitioners initiated arbitration, after which:

> [T]he arbitrator found that Respondent violated the CBA when it failed to permit the Funds to audit Respondent's books and records, and ordered Respondent to pay the Funds the sum of $4,047,686.87, consisting of: (1) the estimated principal deficiency of $3,068,149.25; (2) interest of $383,007.77; (3) liquidated damages of $613,629.85; (4) court costs of $402; (5) attorneys' fees of $1,500; and (5) the arbitrator's fee of $1,000.

*Id.* at ¶ 26 (the "Arbitration Award" or "Award"). As of the date of this petition, Respondent has failed to pay any portion of the Award. *Id.* at ¶ 29.

Petitioners now seek confirmation of the Arbitration Award before this Court. Respondent has not appeared.

## LEGAL STANDARDS[1]

Confirmation of an arbitration proceeding is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mong.*, 11 F.4th 144, 160 (2d Cir. 2021); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022). "Arbitration panel determinations are generally accorded great deference under the" Federal Arbitration Act ("FAA") to promote the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

and expensive litigation." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (describing a district court's role as "narrowly limited"); *see also Beijing Shougang Mining Inv. Co.*, 11 F.4th at 160. "Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, . . . an award is presumed valid unless proved otherwise." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., Ltd.*, 57 F.4th 372, 382 (2d Cir. 2023). Even if the Court disagrees with the arbitrator's findings on the merits, it should confirm the arbitration award so long as there is a "barely colorable justification for the outcome reached." *Id.* at 383. Conversely, an unopposed petition to confirm an arbitration award, which is treated as "an unopposed motion for summary judgment," must fail "where the undisputed facts fail to show that a movant is entitled to judgment as a matter of law." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"The FAA provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. N.Y.*, 988 F.3d 618, 625 (2d Cir. 2021). Under this process, the Court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. Section 10(a) of the FAA sets forth the narrow grounds for vacating an arbitration award. *See id.* § 10(a)(1)–(4).

## DISCUSSION

### I.  Confirmation of the Arbitration Award

Petitioners seek confirmation of the Arbitration Award. There is "an extremely deferential standard of review . . . in the context of arbitral awards." *Smarter Tools*, 57 F.4th at 378. "The award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 379. The party opposing confirmation "bears the heavy burden of showing that (1) 'the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter

3

before the arbitrators,' (2) 'the law was in fact improperly applied, leading to an erroneous outcome,' and (3) 'the arbitrator . . . kn[ew] of its existence, and its applicability to the problem before him.'" *Wells Fargo Advisors LLC v. Tucker*, 373 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 390 (2d Cir. 2003)).

Here, Respondent has not appeared, and the Court will accordingly treat the petition as an unopposed motion for summary judgment. The CBA requires Respondent to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union, and further requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required fund contributions. *See* CBA Art. XVI, § 1, ECF No. 1–2. Respondent did not appear at arbitration to contest its failure to comply with these provisions of the CBA, or to contest Petitioners' independent estimated audit—which determined that Respondent failed to make required remittances. *See* Pet. ¶¶ 23–26; *see also* Ex. K, ECF No. 1-11. Under these facts, there is more than a "barely colorable justification" for the Arbitrator's decision. *See Smarter Tools*, 57 F.4th at 378. Accordingly, the Arbitration Award of $4,047,686.87 is **CONFIRMED**.

**II.    Attorneys' Fees**

Petitioners also seek an award of attorneys' fees and costs. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither Section 301 of the LMRA nor the Federal Arbitration Act provides for attorney's fees in actions to confirm an arbitration award." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ 8075, 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012). "A court may, however, exercise its inherent equitable powers to award attorney's fees

4

when opposing counsel acts in bad faith," *id.*, and, in "suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).

Here, Respondent agreed to submit all disputes governed by the CBA (which provides for reasonable fees and costs, *see* Pet. ¶ 32 (citing relevant provisions of the CBA)) to binding arbitration, but without justification, failed to appear in the arbitration proceedings. Respondent then failed to abide by the arbitrator's award without explanation and has failed to appear in these proceedings. Under these circumstances, an award of fees has historically been appropriate. *See Mountaintop Cabinet Mfr. Corp.*, 2012 WL 3756279, at *4 (awarding fees under similar facts); *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.").

The starting point for determining the reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar is not "conclusive in all circumstances," and it may be adjusted when it fails to "adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 167. A reasonable hourly rate is one that a reasonable, paying-per-hour client would be willing to pay. *K.F. v. N.Y.C. Dep't of Educ.*, No. 10 Civ. 5465, 2011 WL 3586142, at *3 (S.D.N.Y. Aug. 10, 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

Here, Petitioners request an hourly rate of $310 per hour for the work of associate attorneys, who performed a total of 5.4 hours of work. Mem. 6–8. As of July 2023, courts in this Circuit have awarded rates as high as $290 for associates of the firm representing Petitioners in this case—Virginia & Ambinder, LLP. *See Finkel v. J&H Elec. Contracting, Inc.*, No. 22 Civ. 6298, 2023 WL 4763366, at *3 (E.D.N.Y. July 26, 2023). Adjusted for inflation,[2] that translates to approximately $298.64 per hour. The Court thus determines that a rate of $300 per hour is reasonable for the associate attorneys who performed work in connection with this matter.

"[T]he presumptively reasonable fee is calculated by setting a reasonable hourly rate that reflects what rate a paying client would be willing to pay, and multiplying that rate by the number of hours reasonably expended litigating the case." *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 725 (E.D.N.Y. 2009). Here, Petitioners seek compensation for 5.4 hours of work, which the Court finds is reasonable.

At a rate of $300 per hour, the Court finds that Petitioners should be awarded $1,620.00 in attorneys' fees. Petitioners also seek $81 in service fees and court costs incurred in this action, which the Court finds is reasonable. Pet. ¶ 40.

Accordingly, the Court awards Petitioners a total of $1,701.00 in attorneys' fees and costs.

## III. Post-Judgment Interest

Petitioners also seek post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). As the Second Circuit has explained,

---

[2] *See* Bureau of Labor Statistics, CPI Inflation Calculator, https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=290&year1=202307&year2=202408.

an "award of post-judgment interest is mandatory on award in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, the Court awards Petitioners the post-judgment interest.

## CONCLUSION

For the reasons given above, the Petition to confirm the arbitration award is **GRANTED** and the final Arbitration Award is **CONFIRMED**; the Court further awards attorneys' fees and post-judgment interest.

Petitioners are directed to file a revised Proposed Judgment electronically, in accordance with this Order, using the ECF Filing Event "Proposed Judgment," no later than fourteen days after the entry of this Order.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 17, 2024
       New York, New York

_____
DALE E. HO
United States District Judge